## B. Saloy v. P. E. Chexnaidre.

The Act of 1844, which gives to the survivor the usufruct of the community property, does not dispense the party who claims the benefit of its provisions from having an inventory taken.

A widow in community who, before she has qualified as administratrix, or tutrix, stipulates in writing for the extension of a debt, and makes payments upon it, is presumed to have accepted the community, and her subsequent renunciation of it, on her qualifying as tutrix and administratrix, will not avail her in a suit brought upon the debt which she had acknowledged, to hold her liable for it as partner in the community.

The tutrix and widow in community administers the succession only so long as it is not entrusted to an administrator ; and when her power over the succession is superseded by the appointment of an administrator, in order to bind the succession for a debt, the new representative of the same should be made a party.

A mortgage being indivisible and only accessory to the debt, a decree cannot properly be rendered for the sale of the property mortgaged, in an action *via ordinaria*, without parties before the court against whom a judgment may be rendered for the *whole* debt.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

E. *Filleul*, for plaintiff. H. R. *Grandmont*, for defendant and appellant.

Merrick, C. J. This is an action *via ordinaria*, to subject the mortgaged property to the payment of the debt of *P. E. Chexnaidre*, deceased, and to obtain judgment against the widow in community, in her individual capacity, for one-half, and against her, as tutrix for her minor children, for the other half. Judgment having been rendered against the defendant individually, and as tutrix, she appeals.

The mortgagor, *P. E. Chexnaidre*, died in February, 1855. The widow took no steps to procure an inventory or qualify as tutrix, until August, 1858. In the interval she appears to have retained possession of the property. She made an arrangement each year for the prolongation of the term for the payment of the note in question, and paid one hundred dollars in part satisfaction of the same, besides paying the annual interest.

Having subsequently obtained letters of tutorship and administration, and having renounced the community, the question is raised, whether her renunciation can now avail her, or whether she is personally bound for one-half of the debts of the community.

It is urged, that her neglect to take an inventory cannot prejudice her, because she was entitled to the usufruct of the property under the Act of 1844. Without undertaking to decide whether the mere neglect of a widow in community to take an inventory will render her chargeable for one-half of the debts, we observe that the Act of 1844 does not dispense the party who claims the benefit of that statute, from taking an inventory. C. C. 550 ; *Neely* v. *Stokes*, 13 An.

In this case, the widow not only remained in possession of the estate without an inventory, but before she had qualified as tutrix, or as administratrix, she stipulated in writing for the extension of the debt of the succession, and made payments upon the same. She must therefore be presumed, in the absence of explanatory proof, to have acted in the only capacity in which she had authority to act, viz, as partner in community, and she is bound as such. C. C. 987, 988, 990, 995.

At the time the suit was commenced, the widow had qualified as tutrix, but had not been appointed administratrix. It was, therefore, properly commenced,

but in order to obtain a judgment against the succession, it became necessary subsequently that the administratrix should be made a party. The tutrix and widow in community administers the succession only so long as it is not entrusted to an administrator or administratrix. So soon as an administrix is appointed, the tutrix's power over the succession is superseded, and in order to bind the succession for a debt, the new representative of the same should be made a party. C. P. 976; 2 An. 462; 3 An. 503; C. C. 1051; 12 An. 345.

The judgment against the defendant, as tutrix of her minor children, does not, therefore, bind the succession, and could only be enforced against such other property as the minors may happen to own. Now, as the law accepts the succession for the minors with the benefit of inventory, a judgment ought not to be rendered in this form, which will bind their estates generally, and which may be enforced by an execution.

The judgment also compels the widow to pay more than one-half of the debt, for she is not allowed a credit upon her one-half for the payment which she has made.

It is somewhat inconsistent to charge her, as widow in community, with one-half of the debts of the succession, because the payment made by her could only have been made in that capacity, and then not to allow her a credit for the payment in the same capacity.

We think the widow is entitled to the credit of one-hundred dollars on her proportion of the debt.

The action is *via ordinaria*, and plaintiff demands a judgment against his debtors, and also a decree that the mortgaged property be sold to satisfy the debt. In this respect, the case differs from the case of *McCalop* v. *Fluker's Heirs*, 12 An. 551, where executory process issued, and where the notices were served on the tutrix and widow in community before she had qualified as administratrix, but did not become void for that reason. The widow in that case took the appeal as administratrix, and the subsequent notices were doubtless served upon her as such. 12 An. 345.

The mortgage being indivisible and only accessory to the debt, a decree cannot properly be rendered for the sale of the property, in this form of action, without parties before the court against whom a judgment may be rendered for the *whole* debt. C. P. 67. It is in this sense that a mortgage is indivisible. C. P. 66, 67; C. C. 1382, 2108.

We think the case ought to be remanded for a new trial, with leave to the plaintiff to amend by making the administratrix a party defendant.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and the case be remanded to the lower court for further proceedings and a new trial, the plaintiff having leave to amend, and he paying the costs of the appeal.